[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12062
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 30, 2012
JOHN LEY
CLERK

D. C. Docket No. 05-00059-CR-BAE-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERT L. TELLECHEA,

Defendant-Appellant.

_____

No. 09-12063
_____

D.C. Docket No. 05-00059-CR-BAE-4

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

MARTIN J. BRADLEY, III,

Defendant-Appellant.

_____

No. 09-12229

_____

D.C. Docket No. 05-00059-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN J. BRADLEY, JR.,

Defendant-Appellant.

_____

No. 09-12230

_____

D.C. Docket No. 05-00059-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BIO-MED PLUS, INC.,

2

Appeals from the United States District Court
for the Southern District of Georgia

(May 30, 2012)

Before DUBINA, Chief Judge, EDMONDSON, Circuit Judge, and GOLDBERG,[*]
Judge.

PER CURIAM:

## I.

Appellants, Martin J. Bradley, Jr. ("Bradley, Jr."), Martin J. Bradley, III

("Bradley, III"), Albert L. Tellechea ("Tellechea") and Bio-Med Plus, Inc., ("Bio-

Med"), were indicted in a 286 count superseding indictment alleging numerous

fraud schemes involving the purchase and sale of blood derivatives and non-

controlled prescription medications. The indictment charged racketeering under

RICO, racketeering conspiracy, as well as wire fraud, money laundering,

conspiracy, and the failure to disclose foreign financial interests. Prior to trial,

Bradley, Jr. moved for a competency hearing. Based on the parties' stipulation, a

magistrate judge and the district court determined Bradley, Jr.'s competency based

---

[*]Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting
by designation.

on all medical reports and without conducting an evidentiary hearing. After a six-week jury trial, the defendants were convicted of most counts but acquitted on others. On direct appeal, our court affirmed all of the appellants' convictions, the district court's evidentiary rulings, and Bradley, III and Bio-Med's sentences. We also vacated Bradley, Jr. and Tellechea's sentences and remanded their cases to the district court for resentencing. *See United States v. Bradley*, 644 F.3d 1213 (11th Cir. 2011), *petition for cert. filed*, 80 BNA U.S.L.W. 3443 (Jan. 10, 2012) (No. 11-862).

Approximately one year after the Bio-Med trial, a federal grand jury in the Southern District of Florida returned a twelve-count indictment ("*Hernandez* indictment") against 21 defendants, including Lawrence Pinkoff ("Pinkoff"), who was one of the 86 witnesses to testify in the Bio-Med prosecution. The *Hernandez* indictment alleged that the defendants unlawfully conspired to dispense diet pills and weight loss medications through internet pharmacies. The *Hernandez* trial ended in a mistrial. Prosecutors then moved for a dismissal with prejudice against all defendants. The district court granted that motion.

Bradley, III, Bradley, Jr., Bio-Med, and Tellechea then moved for a new trial claiming they were denied additional impeachment evidence because the government concealed that an alleged key government witness, Pinkoff, had been

under investigation, since at least early 2002, by various federal and state agencies for operating illegal internet pharmacies and related money laundering. The government responded that appellants' contention that Pinkoff was the government's star witness against the defendants was a total fabrication. The district court denied the motion for a new trial and found that even if the Bradley prosecution team had imputed or actual knowledge of the criminal investigation against Pinkoff, the court would not find a *Brady*[1] violation because there had been no showing of a reasonable probability that this impeachment evidence would have led to a different result at trial.

Bradley, Jr. moved separately for a new trial based on newly discovered evidence regarding his competency to stand trial. The district court denied this motion, finding that it knew and considered this alleged new evidence at the time it decided Bradley, Jr.'s original competency motion.

## II.

The issues presented on appeal are (1) whether the district court abused its discretion by denying the appellants' joint motion for new trial based on an alleged violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), where the district court ruled that the alleged new evidence did not undermine confidence

---

[1]*Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).

5

in the outcome of the trial; and (2) whether the district court abused its discretion by denying Bradley, Jr.'s motion for new trial based upon new evidence relating to his competence to stand trial.[2]

## III.

We review for abuse of discretion a district court's refusal to grant a defendant a new trial under Rule 33, Federal Rules of Criminal Procedure, and its refusal to afford defendants a hearing on their motion. *United States v. Fernandez*, 136 F.3d 1434, 1438 (11th Cir. 1998). We review for clear error a district court's determination that a defendant is competent to stand trial. *United States v. Hogan*, 986 F.2d 1364, 1371 (11th Cir. 1993).

## IV.

To obtain a new trial based upon a *Brady* claim of newly discovered evidence, a defendant must show that "(1) the government possessed favorable evidence to the defendant; (2) the defendant does not possess the evidence and could not obtain the evidence with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been disclosed to the

---

[2]The appellants also raised in their brief and contended at oral argument that the district court should have afforded appellants an evidentiary hearing on their motions for new trial. Because we find no abuse of discretion in the district court's denial of the motions, without an evidentiary hearing, we conclude this argument is specious.

defendant, there is a reasonable probability that the outcome would have been different." *United States v. Vallejo*, 297 F.3d 1154, 1164 (11th Cir. 2002). "Failure to meet any one of these elements will defeat a motion for a new trial." *United States v. Starrett*, 55 F.3d 1525, 1554 (11th Cir. 1995).

In the context of newly discovered evidence under *Brady*, "[e]vidence favorable to the accused includes impeachment evidence." *United States v. Newton*, 44 F.3d 913, 918 (11th Cir. 1994). The suppressed evidence must be material to establish a constitutional violation. *Id.* Evidence is material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682, 105 S. Ct. 3375, 3383 (1985). "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Id.* "The mere possibility that an item of undisclosed information might have helped the defense or might have affected the outcome of the trial does not establish 'materiality' in the constitutional sense." *United States v. Agurs*, 427 U.S. 97, 109-110, 96 S. Ct. 2392, 2400 (1976).

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that the district court did not abuse its discretion in finding there is no reasonable probability that the cumulative

impeachment evidence would have led to a different result. Accordingly, we hold that the district court properly denied appellants' joint motion for new trial based on an alleged violation of *Brady*.

We also conclude from the record that the district court did not abuse its discretion in denying Bradley, Jr.'s motion for new trial based upon alleged new evidence relating to his competency to stand trial.

Prior to trial, Bradley, Jr. moved for a competency hearing under 18 U.S.C. § 4241, arguing that dementia rendered him unable to assist properly in his defense. A magistrate judge ordered a mental evaluation and report from the Federal Medical Center in Butner, North Carolina ("Butner report"). Bradley stipulated to the introduction of the Butner report, which found him competent to stand trial. The magistrate judge found Bradley competent, accepting the Butner report over reports of independent expert witnesses retained by Bradley. Over objections, the district court adopted the magistrate judge's report and recommendation.

Bradley, Jr. alleges that the newly discovered name and rough notes of a neurologist who consulted on the Butner report requires the district court to revisit the issue of competency. In denying Bradley, Jr.'s motion, the district court found that the substance of the neurologist's findings was not new evidence, and the

8

magistrate judge considered the substance of the findings in denying the motion for new trial. Additionally, the district court found that the evidence did not undermine the Butner report's conclusion, nor did it have any effect on its conclusion that Bradley was competent to stand trial. In our view, Bradley, Jr.'s present evidentiary showing adds nothing of value either to the district court's pretrial consideration of the issue or to the review of the district court's ruling now pending before this court. Accordingly, we see no abuse of discretion in the district court's order denying Bradley, Jr.'s motion for new trial based on new evidence relating to his competency to stand trial.

For the aforementioned reasons, we affirm the district court's orders denying the motions for new trial.

**AFFIRMED.**